# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| DANIEL J. HUMBERGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16 CV 23 |
| | ) | |
| LONNY FORESMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION and ORDER

This matter is before the court on plaintiff's "Motion for Reconsideration," construed as an objection to a Magistrate Judge's non-dispositive order pursuant to Federal Rule of Civil Procedure 72(a). (DE # 26.) For the reasons set forth below, the objection is overruled.

On May 3, 2016, Magistrate Judge Michael G. Gotsch afforded plaintiff until August 5, 2016, to deliver expert witness disclosures and reports to defendants. On August 26, 2016, plaintiff asked the court for a 60-day extension of the expert deadline to allow for further correspondence with two potential experts. Defendants opposed the motion, arguing that extending plaintiff's expert deadline would cause prejudice by requiring extensions of the other remaining discovery deadlines and delaying resolution of the entire case.

On September 21, 2016, Magistrate Judge Gotsch denied the motion, holding that plaintiff had not demonstrated the requisite "good cause" for an extension required by Federal Rule of Civil Procedure 6(b)(1)(B), because plaintiff did not adequately explain

why he waited three weeks after the expiration of the established expert deadline to seek an extension, why he could not deliver his expert disclosures or reports before the established deadline, or why the two purported experts would be critical to the success of the case. (DE # 25 at 2-3.)

On October 18, 2016, plaintiff filed a "Motion for Reconsideration" of Magistrate Judge Gotsch's order. (DE # 26.) In this motion, plaintiff asks the court to employ Federal Rule of Civil Procedure 60(b) to relieve him of Magistrate Judge Gotsch's order, but Rule 60(b) is only applicable to "final" judgments, orders, and proceedings, and Magistrate Judge Gotsch's order was not a "final" one. *Kapco Mfg. Co. v. C & O Enter., Inc.,* 773 F.2d 151, 154 (7th Cir. 1985) (discovery-related orders are not "final" orders for purposes of Rule 60(b)).

Plaintiff's "Motion for Reconsideration" is more accurately categorized as an objection to a Magistrate Judge's non-dispositive order under Federal Rule of Civil Procedure 72(a). However, under Rule 72(a), any objection to Magistrate Judge Gotsch's non-dispositive ruling was due within 14 days of the order. In this case, plaintiff did not file an objection until well beyond that deadline. Defendants raised the untimely nature of plaintiff's objection in their response to plaintiff's "Motion for Reconsideration," but plaintiff failed to file a reply providing any explanation for the tardy filing. Therefore, the objection is overruled as untimely filed.

Even if the court were to reach the merits of plaintiff's objection, however, the court would still overrule it. Under Rule 72(a), the court should "modify or set aside

2

any part of the order that is clearly erroneous or is contrary to law." However, plaintiff has not identified any defect in Magistrate Judge Gotsch's order. Instead, plaintiff simply states additional facts regarding why he failed to meet the expert deadline. Plaintiff's failure to articulate all of the relevant facts in his first motion does not render Magistrate Judge Gotsch's order clearly erroneous or contrary to law. Magistrate Judge Gotsch properly assessed plaintiff's original (and quite delayed) motion for an extension of time and denied the motion given the paucity of information therein. Accordingly, even a timely objection would be overruled.

For the reasons set forth above, plaintiff's objection under Federal Rule of Civil Procedure 72(a) to Magistrate Judge Gotsch's denial of plaintiff's motion for an extension of the expert deadline (styled as a "Motion for Reconsideration") (DE # 26) is **OVERRULED.**

                                       **SO ORDERED.**

Date: November 23, 2016

                                       s/James T. Moody_____
                                       JUDGE JAMES T. MOODY
                                       UNITED STATES DISTRICT COURT