UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DANIEL J. HUMBERGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16 CV 23 |
| | ) | |
| LONNY FORESMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION and ORDER**

I.   BACKGROUND

Plaintiff Daniel J. Humberger claims that in January of 2014, he was injured by police officers who used excessive force, including a choke hold, during their interaction with him. (DE # 1.) He has sued the officers involved and others for violations of his federal constitutional rights under 42 U.S.C. § 1983 and for violations of state tort law. (*Id.*) Two of the named defendants, Michael Grzegorek and Lonny Foresman, have moved for judgment on the pleadings with regard to specific claims by plaintiff against them. (DE # 16.) The motion has been briefed and is ripe for ruling.

II.   LEGAL STANDARD

In reviewing a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the court applies the same standard that is applied when reviewing a motion to dismiss pursuant to Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007). That means that the court "take[s] the facts alleged in

the complaint as true, drawing all reasonable inferences in favor of the plaintiff." *Id.* The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

While there is no need for detailed factual allegations, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Pisciotta,* 499 F.3d at 633 (citation omitted). Factual allegations also must be enough to raise a right to relief above the "speculative level" to the level of "plausible." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949. In examining the facts and matching them up with the stated legal claims, the court must give "the plaintiff the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Sanjuan v. Am. Bd. of Psych. & Neur., Inc.,* 40 F.3d 247, 251 (7th Cir. 1994).

## III. DISCUSSION

### A. Federal Claim Against Grzegorek

Defendant Grzegorek, Sheriff of St. Joseph County, argues that plaintiff's Section 1983 claim against him in his individual capacity should be dismissed. Notably, plaintiff's complaint specifies that Grzegorek is sued in his individual capacity "only." (DE # 1 at 2.)

Under Section 1983, individual liability must be premised upon personal responsibility. *Jones v. City of Chicago,* 856 F.2d 985, 992 (7th Cir. 1988). "An indiviudal cannot be held liable in a § 1983 action unless he caused or participated in the alleged constitutional deprivation." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). "Without a showing of direct responsibility for the improper action, liability will not lie against a supervisory official. A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary." *Id.* While a supervisor may be liable even when not directly involved in the constitutional violation, *see Wilks v. Young,* 897 F.2d 896, 898 (7th Cir. 1990), the misconduct of the subordinate must be affirmatively linked to the action or inaction of the superior. *See Rizzo v. Goode,* 423 U.S. 362, 371 (1976).

Plaintiff admits that there is "very little, if any, causal connection or affirmative link to the alleged deprivation complained of by the Plaintiff and Defendant Grzegorek." (DE # 19 at 3.) However, he argues in his response brief that inadequate supervision and discipline of subordinate officers led to the unnecessary and illegal use of force. (*Id.*) Under Seventh Circuit precedent, a plaintiff may allege additional facts in response to a motion to dismiss. *Early v. Bankers Life & Casualty Co.,* 959 F.2d 75, 79 (7th Cir. 1992) ("[A] plaintiff is free, in defending against a motion to dismiss, to allege without evidentiary support any facts he pleases that are consistent with the complaint, in order to show that there is a state of facts within the scope of the complaint that if proved (a matter for trial) would entitle him to judgment."); *see also*

3

*Bartholet v. Reishauer A.G. (Zurich),* 953 F.2d 1073, 1078 (7th Cir. 1992) ("A complaint under Rule 8 limns [illuminates] the claim; details of both fact and law come later, in other documents."). Accordingly, plaintiff's factual theory regarding Grzegorek's alleged inadequate supervision and discipline of subordinates will be considered.

However, plaintiff's brief also alludes to actions by Grzegorek in his "representative capacity" through which he allegedly employed a policy, practice, or custom regarding: (1) supervision and discipline of officers, and (2) intervention into and reporting of other officer's behavior. (DE # 19 at 2-3.) These types of allegations are appropriate when waged against a governmental entity itself, and would have been appropriate had Grzegorek been sued in his official or representative capacity. However, plaintiff's complaint specifically states that Grzegorek "is sued in his individual capacity on the federal claim only" and that the office of the St. Joseph County Sheriff is "sued with respect to state law claims only." (DE # 1 at 2.) Accordingly, the aforementioned allegations that plaintiff set forth in his brief regarding a policy, practice, or custom claim against the governmental entity that Grzegorek represents is inconsistent with his complaint and will not be considered.

The sole allegation remaining regarding Grzegorek personally, then, is that he inadequately supervised and disciplined subordinate officers, which led to the unnecessary and illegal use of force. A supervisor can be personally liable under Section 1983 if he or she "know[s] about the conduct and facilitate[s] it, approve[s] it, condone[s] it, or turn[s] a blind eye for fear of what they might see." *Jones v. City of*

4

*Chicago,* 856 F.2d 985, 992 (7th Cir. 1988). Although the Seventh Circuit has indicated that the standards for supervisory liability are "murky" after *Iqbal*, it has also commented that *Iqbal* has not changed the rule that supervisors can be individually liable for wrongs they direct or authorize. *Arnett v. Webster,* 658 F.3d 742, 757 (7th Cir. 2011). Plaintiff's allegations regarding Grzegorek's failure to correct inappropriate behavior by officers is sufficient under *Jones* to state a claim. *Johnson v. City of Hammond,* No. 2:14 CV 281, 2016 WL 1244016, at *3 (N.D. Ind. Mar. 29, 2016) (plaintiff sufficiently pleaded that police chief authorized and/or turned a blind eye to officer's acts). Accordingly, defendants' motion for judgment on the pleadings regarding plaintiff's claim against Grzegorek is denied.

    **B.**    **State Law Claims Against Foresman**

Defendant Foresman, a deputy employed by the St. Joseph County Sheriff, argues that plaintiff's state law claim against Foresman should be dismissed because it is barred by the Indiana Tort Claims Act ("ITCA"). The ITCA removed a substantial portion of the state's sovereign immunity which had existed previously under the Eleventh Amendment, but this immunity was not completely eradicated. *Sheets v. Ind. Dep't of Corr.,* 656 F. Supp. 733, 741 (S.D. Ind. 1986). One vestige of sovereign immunity that was retained is the ITCA's restriction on suits against governmental employees personally; if a plaintiff alleges that an employee was acting within the scope of his employment, as plaintiff does in his complaint (DE # 1 ¶ 50), the plaintiff is barred from bringing a state law tort claim against the employee personally unless the

5

governmental entity answers that the employee was acting outside the scope of his employment. Ind. Code § 34-13-3-5(b).

The trouble for Foresman is that sovereign immunity is a waivable affirmative defense. *Sung Park v. Ind. Univ. Sch. of Dentistry,* 692 F.3d 828, 830 (7th Cir. 2012). Federal Rule of Civil Procedure 8(c) requires a defendant to include affirmative defenses in his answer, and Foresman did not list the ITCA's bar on suits against governmental employees personally in his answer. Accordingly, the court cannot properly consider his argument in the present motion for judgment on the pleadings. Of course, a district court has the discretion to allow an answer to be amended to assert an affirmative defense not raised initially. *Williams v. Lampe,* 399 F.3d 867, 871 (7th Cir. 2005) (citing Fed. R. Civ. P. 15(a); *Jackson v. Rockford Housing Auth.,* 213 F.3d 389, 392–93 (7th Cir.2000) ("Amendment is allowed absent undue surprise or prejudice to the plaintiff.")). But until Foresman moves to amend his answer and arguments from both sides on the matter of amendment have been considered, the court cannot address the issue of the applicability of Section 34-13-3-5(b) to plaintiff's state law claims against Foresman.

IV. **CONCLUSION**

For the reasons set forth above, defendants' motion for judgment on the pleadings (DE # 16) is **DENIED.**

**SO ORDERED.**

Date: February 2, 2017

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

6